UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Makarim A., | Civ. No. 26-512 (PAM/EMB) |
| Petitioner, | |
| v. | **MEMORANDUM AND ORDER** |
| Pamela Bondi, Attorney General; Kristi Noem, Secretary, U.S. Department of Homeland Security; Todd M. Lyons, Acting Director of Immigration and Customs Enforcement; and David Easterwood, Acting Director, St. Paul Field Office Immigration and Customs Enforcement, | |
| Respondents. | |

This matter is before the Court on Petitioner Makarim A.'s Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241. ("Pet." (Docket No. 1).) For the following reasons, the Court grants the petition in part.

## BACKGROUND

Petitioner Makarim A. is a citizen of Ethiopia. (Pet. ¶ 12.) He entered as a refugee in 2005. (Mot. to Show Cause (Docket No. 3) at 1.) He does not claim to have adjusted his status to that of a permanent legal resident under the Immigration and Nationality Act, 8 U.S.C. § 1159(b). The record does not support that he has been charged with or convicted of any crime, and he has not been issued a removal order. On January 20, 2026, Respondents arrested Petitioner, and he remains in their custody. (Pet. ¶ 15.) This petition followed.

**DISCUSSION**

Petitioner asserts that his arrest and detention violate the Fifth Amendment to the United States Constitution, and the Immigration and Nationality Act, 8 U.S.C. § 1225(b)(2), the Administrative Procedure Act, 5 U.S.C. § 706, and he asks the Court to order his immediate release from Respondents' custody.[1] Respondents contend that Petitioner is subject to mandatory detention under 8 U.S.C. § 1159(a) because he did not obtain lawful permanent resident status within one year of living in the United States.

Section 1159(a) requires that:

> Any alien who has been admitted to the United States under [8 U.S.C.] § 1157 . . . who has been physically present in the United States for at least one year, and . . . who has not acquired permanent resident status, shall, at the end of such year period, return or be returned to the custody of the Department of Homeland Security for inspection and examination for admission to the United States as an immigrant in accordance with the provisions of sections 1225, 1229a, and 1231 of this title.

The Court finds that Respondents have not demonstrated that Petitioner's failure to adjust his status to lawful permanent resident within one year of living in the United States requires that Respondents detain him for an extended and unspecified amount of time. "Section 1159(a) does not allow for indefinite detention, but rather a brief detention for purposes of 'inspection and examination.'" Aliaksander V. v. Bondi, Civ. No. 26-513, Docket No. 7 at 2 (D. Minn. Jan. 27, 2026) (Doty, J.) (quoting Amin A. v. Trump, Civ.

No. 26-251, Docket No. 10 at 4 (D. Minn. Jan. 26, 2026) (Schiltz, C.J.)). Thus, the Court grants the petition in part.[1]

**CONCLUSION**

Accordingly, **IT IS HEREBY ORDERED that:**

1. The Petition (Docket No. 1) is **GRANTED in part**; and

2. Respondents shall:

   a. Within 7 days of the date of this Order, complete inspection and examination of Petitioner as required by 8 U.S.C. § 1159(a) and file a notice confirming that such inspection has been completed, stating the outcome and whether Respondents contend that continued detention is authorized on a specified lawful basis; or

   b. Immediately release Petitioner and file a notice confirming the date, time, and location of release.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: February 2, 2026                    s/ Paul A. Magnuson
                                           Paul A. Magnuson
                                           United States District Court Judge

---

[1] Petitioner alternatively asks the Court to consider him part of the putative class described in the temporary restraining order in U.H.A. et. al. v. Bondi et al., Civ. No. 26-417 (Docket No. 41) (D. Minn. Jan. 28, 2026). The Court declines to do so at this time, as there is a pending motion to dissolve the temporary restraining order.